BARNEY TRAINOR, Respondent, *v.* COUNTY OF MULTNOMAH, Appellant.

*Appeal from Multnomah County.*

Money paid into a county treasury for the purpose of procuring a license to sell spirituous liquors, cannot be recovered back in an action for money had and received, on the refusal or failure of the County Court to grant a license.

ON the 15th day of July, 1866, wishing to procure a license for the retailing of spirituous liquors, Trainor deposited with the treasurer of Multnomah county, the sum of fifty dollars as payment for a license. Subsequently he applied for said license which was refused him, and he then demanded a return of said sum of money which was also refused. The defendant demurred to the complaint containing those averments, on the ground that it did not state facts sufficient to constitute a cause of action, and that there was a defect of parties; that the county treasurer should be defendant.

The court below overruled the demurrer, and gave judgment for the plaintiff from which defendant appealed.

*Cronin, Stout & Reed,* for respondent.

*Hill & Mulkey,* for appellant.

SKINNER, J. The act of the legislature passed January 18th, 1854, provides that any person, wishing to procure a license to retail spirituous liquors, must give public notice for at least ten days, that, at the next term of the County Court he will apply for said license; must present to said court at said term a petition signed by a majority of the legal voters of the precinct in which the grocery is to be located, praying that said license be granted, and also present the receipt of the county treasurer for the sum of one hun-

dred dollars if the license is for one year, or in the same proportion for a shorter period.

Having complied with all these requirements, the applicant is entitled to a license; and, if the same be refused, has his remedy by a resort in proper manner to the appellate or revisory court.

The payment of the amount required by statute, is a condition precedent to his applying for a license, and is not a deposit in the hands of the county treasurer, which can be withdrawn at the pleasure of the applicant, but goes at once into the county treasury, and becomes a part of the general county funds; and cannot be distinguished from the other funds of the county, and can never become the foundation for an action for money had and received, either against the county or its treasurer. We are, therefore, of the opinion, that the court below erred in overruling the defendant's demurrer to the complaint.

Judgment reversed.