## LAWRENCE A. BROWN, Respondent, v. THOMAS ATKIN, Appellant.

DISTRICT JUDGE CAN HEAR MANDAMUS.—A District Judge can hear and determine Writs of Mandamus at Chambers.

SEC. 592 of PRACTICE ACT.—Section 592 of the Practice Act is not incompatible or inconsistent with the provisions of Section 9 of the Organic Act.

MANDAMUS TO COMPEL APPROVAL OF BOND.—The Application showed that Relator had been elected Probate Judge of Tooele County, and that it was the duty of the Defendant to approve the Bond of the Probate Judge. Relator presented a good and sufficient Bond to the Defendant for approval, which Defendant declined to accept or approve.

HELD.—That it was the duty of Defendant as County Treasurer to approve the Bond, and upon failure so to do, he will be compelled by Mandamus to approve the same.

APPEAL from the Third District Court.

The facts appear in the opinion.

J. G. Sutherland, for Appellant.

Tilford & Hagan, for Respondent.

LOWE, C. J., delivered the opinion of the Court:

The case was mandamus, and the writ was issued, and the hearing and proceedings were had before the Judge of the Third District Court in vacation, in pursuance of the 592nd Section of the Practice Act. It is assigned for error that there was no jurisdiction in the Judge at Chambers, for the reason that it was not competent for the Legislature to confer this jurisdiction upon the Judge in vacation, and that the Section referred to is in violation of Sec. 9 of the Organic Act. I do not think there is any plain incompatibility between the two. A similar

Act has been sustained by the Supreme Court of California under legal conditions very similar to these. There may be practical difficulties in exercising the power in vacation, owing to our jury system, but they do not occur in this case.

It appears from the affidavit of the Relator Brown that he received at the general election of 1874 votes for the office of Probate Judge of Tooele County; that on a canvass of the election he was declared elected by a majority of the votes; that the County Clerk issued to him a certificate of election; that the Governor had issued and delivered to him a commission as Probate Judge, and that he had taken the oath of office; that he prepared and presented to the Defendant as County Treasurer an official bond with sufficient sureties, which the Defendant refused to approve and file. Upon this affidavit an alternative writ of mandamus was issued, and upon its return, a motion was made to quash the writ upon grounds that were deemed untenable, and the motion was overruled. The Defendant then answered, denying that the Plaintiff was elected Probate Judge, alleging that one John Rowberry was in possession of the office of Probate Judge, and that the selectmen of the county at a time subsequent to the presentation of the bond by Plaintiff had increased the penalty of the bond, to be given by the Probate Judge. On the filing of the answer the Judge framed three issues, to be tried as material to the decision of the case, and the case proceeded to trial by the Court, neither party demanding a jury, nor has the trial without a jury been assigned as error. Upon the trial the averments of the complaint were sustained by the proofs, and from the facts elicited there is no doubt that the Plaintiff was entitled to have the bond approved and filed by the Defendant. The Plaintiff had the certificate of election, and the commission of the Governor, the fact that Rowberry had also been voted for, for Probate Judge, and that a contest was likely to arise between him and the Plaintiff as to who was elected, was a question with which the Defendant

had nothing to do. The Plaintiff, showing the proper credentials of office, it was the duty of the Defendant to approve and file the bond, if the same was sufficient. It appears that when the bond was presented to him, the only reason he assigned for not approving and filing was that the office would be contested by Rowberry. It is true that mandamus will not compel an officer to approve an insufficient or a doubtful bond; but if he refuses to approve a good and sufficient bond without good cause, he may be compelled by mandamus to perform the duty. It appears from the evidence that the bond was proper in form, and sufficient as to the sureties. It was in the sum provided by Statute, and the fact that the selectmen subsequently increased the penalty for the Probate Judge's bond, does not excuse the Defendant's neglect of duty. The finding and judgment of the Court below upon this part of the case was correct.

There was a claim in the complaint for damages for Counsel fees, traveling expenses and hotel bills claimed at $500, in and about the prosecution of the suit, and judgment was rendered for damages for $400. This was erroneous. The party had no claim for such expenditures as damages in a suit of this kind any more than in an ordinary action. Practice Act, Sec. 472; Sedgwick on Damages, p. 97, and cases there cited. Other points of supposed error are urged, but I think they are immaterial.

As the Plaintiff is not entitled to a recovery in respect to the damages alleged, no re-trial of the case is necessary. An order may be entered modifying the judgment of the Court below, by setting aside so much of it as awards damages in $400. And as to the judgment, in other respects, it will be affirmed and cause remanded.

It is said in the statement that the Judge refused to grant a stay of proceedings as to the issue of the peremptory writ, but this is not presented in a mode in which any effective order can be made. I see no reason, however, why a supersedeas should not have been granted.

BOREMAN, J., concurs.