STATE OF NEBRASKA, EX REL. THOMAS J. NOONAN, V. THE MAYOR AND COUNCIL OF THE CITY OF LINCOLN.

1. **License Money:** DEPOSIT BY APPLICANT BEFORE LICENSE ISSUES. Under the statute relating to licenses for the sale of malt, spirituous, and vinous liquors, the authorities of a town or city have no authority to pass an ordinance appropriating money placed in the hands of the treasurer before the allowance of a license. Money thus deposited with the treasurer, without the allowance of a license, is the property of the applicant subject only to his disposal.

2. ——: ——. When such license is allowed, the applicant must then pay into the treasury the amount required for a license "before such license shall be issued."

APPLICATION for Mandamus.

*Mason & Whedon,* for the relator.

*R. O. Phillips* and *S. J. Tuttle,* for the respondent.

GANTT, J.

An alternative writ of mandamus was allowed by this court on application of the plaintiff; the respondents filed their answer to this writ, and the cause was tried before the court.

The main facts in the case are as follows: On the twenty-first day of April, 1877, the relator deposited with James McConnel, then city treasurer, the sum of three hundred dollars, and took his receipt for the same, and on the same day he placed in the hands of the city

clerk a bond and petition for a license to sell malt, spirituous, and vinous liquors.

Some blanks in the petition were filled up on the twenty-third day of the same month, and then these papers were endorsed "filed" by the clerk.

By reason of some alleged irregularities by the city authorities, the application of the relator was deemed insufficient by them; and the papers were returned to the relator, who on the seventh day of May following filed with the city clerk another application for such license, and on the fourteenth day of the same month this application was by the city authorities refused and rejected. From the evidence it also appears that the money so deposited with McConnel was attached in his hands by the creditors of the relator.

Now upon these facts, is the relator entitled to have a peremptory writ of mandamus against the respondents commanding them to cause the proper ordinance to be passed and to issue a warrant or order to be drawn in favor of the relator for the above sum of three hundred dollars? This is the only question for determination.

Under section thirty-three of the act to incorporate cities of the second class, the mayor and council have no power to draw an order on the treasurer for the payment of money, unless the same "has been ordered by ordinance in pursuance of some object provided for in the act."

The objects and purposes for which cities of the second class are "authorized and empowered" to appropriate money and draw orders on the city treasurer are specifically and clearly stated in the act; and the mayor and council cannot exercise any other than the powers so delegated. They can pass ordinances ordering the issue of warrants on the city treasurer only "in pursu-

ance of some object provided for by the act." Gen. Stat., 151.

Again, section five hundred and seventy-two of the act for the license and sale of liquors requires the applicant for a license to file with the county clerk the petition of at least ten freeholders setting forth certain facts, and at the same time he shall also file his bond to the county as is required by the act; and the third subdivision of this section provides that he shall pay into the county treasury "for the use of the school fund" the amount of the license "and file the treasurer's receipt therefor in duplicate with the county clerk before such license shall be issued." By section five hundred and eighty-six, "all the powers and duties devolving upon the county commissioners shall belong to and be exercised by the proper authorities of any or all incorporated towns and cities of the state within the incorporated limits thereof, and the license money required to be paid to the county treasurer may be paid to the treasurer of the town or city, who shall account for the same, and his receipt therefor shall be equivalent to the receipt of the treasurer of the county for all the purposes named in section five hundred and seventy-two." One of these purposes is that the money shall be "for the use of the school fund, to be distributed as other moneys," and the town or city treasurer "shall account for the same" for such purpose. Now, under this law, the applicant for a license must first file with the county clerk, or a person authorized by a town or city to receive the same, the petition and bond required by the first and second subdivisions of section five hundred and seventy-two, and if the license is allowed upon his application, then, under subdivision three of this section, he must pay the license money to the county or city treasurer, as the case may be, and file

State, ex rel. Noonan v. City of Lincoln.

the treasurer's receipt therefor in duplicate with the clerk "before such license shall be issued." When the money is so paid, the treasurer holds it "for the use of the school fund, to be distributed as other moneys;" but until a license is allowed, he has no authority to receive it as school money; he cannot distribute it as such, and he cannot apply it to the school fund. The statute makes no provision for him to receive it before the allowance of a license, and therefore until a license is allowed, it is the money of the applicant; and if he places it in the hands of the treasurer without a license having been first allowed, the treasurer must necessarily hold it as a private individual, and not as treasurer, in trust for him as a deposit to be disposed of only by direction of the applicant, for it is not the property or fund of the city and cannot be credited to any fund belonging to the city, and therefore, according to the facts of the case at bar, the respondents have no control over the money of the relator in question in this case, and have no authority to pass an ordinance to appropriate the same, or to draw an order in respect to the same. Their delegated powers in this regard extend only to the passing of ordinances ordering the appropriation of money and drawing of orders, "in pursuance of some object provided for in the act." The money accruing from licenses to sell malt, spirituous, and vinous liquors is by statute appropriated to the use of the school fund. In respect to the attachment of the money in the hands of McConnel by the creditors of the relator, and in respect to his rights of exemption, under the laws of this state, it is not necessary, and indeed is not now proper to express an opinion. The question propounded must be answered in the negative, and the writ must be

DENIED.