### No. 8739.

### THE STATE OF LOUISIANA EX REL. W. G. WYLY vs. THE JUDGE OF THE EIGHTH DISTRICT FOR THE PARISH OF EAST CARROLL.

A Mandamus is the proper remedy to compel an inferior Judge to sign bills of exceptions properly taken and tendered for signature, and, under the circumstances of this case, the mandamus is granted.

APPLICATION for a Mandamus.

The Relator *in propria persona.*

*E. J. Delony,* the Judge Respondent, *in propria persona.*

The opinion of the Court was delivered by

FENNER, J. The substantial averments of relator's petition are : that he was the attorney of record for the plaintiff in certain designated suits and had rendered services therein ; that he had been employed by said plaintiff under a contract stipulating that his fee was to be contingent on success and to consist in a proportion of the advantage gained thereby ; that, by the effect of said contract, plaintiff had no power to compromise or dismiss the suits without relator's consent ; that, nevertheless, on a certain day, in open court, the said plaintiff, against relator's will and consent, moved to discontinue said suits ; that relator opposed said motion and averred his desire to intervene in the suits, and stated that he had already prepared his interventions and that they were at his office, near by, and requested a delay of fifteen minutes, in order that he might fetch them from his office and file them, or apply to file them, and have the court to pass upon such application ; that the Judge refused to grant him any delay whatever and allowed the instant discontinuance of the suits ; that relator then and there excepted to the ruling of the court, and prepared and tendered, on the same day, his bills of exceptions, which the Judge refused to sign ; that he has taken suspensive and devolutive appeals from the judgments of discontinuance and is entitled to have his bills of exceptions signed ; and he asks a mandamus ordering the defendant Judge to sign the same.

The Judge, in his answer, sets forth three grounds of defense to the application, viz:

1. That his action in refusing to allow relator delay to file interventions was a matter within his judicial discretion, and not subject to appellate review.

2. That his action in dismissing the suits on motion of the plaintiff therein in person was not such as relator, as attorney, could object to.

3. That the bills of exception presented did not contain and set forth a true statement of the facts and had not been submitted to the adverse party.

So far as the first two grounds are concerned, they are obviously no justification for refusing to sign the bills of exception, whatever force they may have as reasons for sustaining the Judge's ruling.

As to the third ground, if the statement of facts contained in the bills was not correct, it was the privilege of the Judge to make a true statement. C. P. 489. The answer does not dispute that the application for delay was made and refused, or that the discontinuance was allowed, in despite of relator's objection. If the rulings were made

32

and objected to in proper time, relator had the right to except thereto and to have proper bills of exception signed.

The objection that the bills had not been submitted to the adverse party is without force, unless the Judge, on their being tendered, required that to be done before signing, which is not alleged. Such a requirement would have been proper under Art. 489, C. P., and, if not complied with, would have brought this case within the authority of State ex rel. d'Hemecourt vs. Judge, 13 An. 484. But in the absence of such requirement made at the time, and in the presence of the other defenses in the answer indicating that the Judge was unwilling to sign any bills at all, we think the objection cannot avail.

. Mandamus is the proper remedy in such a case. . C. P. 899, 900; State ex rel. Mullen vs. Judge, 32 An. 1043; State ex rel. d'Hemecourt vs. Judge, 13 An. 484; Broussart vs. Frahan, 3 Mart. 714.

We shall, by our decree, reserve all rights of the respondent.

It is, therefore, ordered, that the writ of mandamus herein be made peremptory, without prejudice, however, to the right of respondent to require the bills of exception to be exhibited to the adverse party before signing, and to correct any errors in the statements contained in said bills.