HAGUE, Appellant, vs. CITY OF ASHLAND, Respondent.

*November 27 — December 17, 1895.*

*Excise laws: License fee: Voluntary payment: Recovery back.*

A voluntary partial payment of the license fee, before action on his application for a license to sell liquors, was converted from a mere deposit into a compliance with a condition precedent by the acts of the applicant in immediately commencing the business and continuing it for several weeks; and the amount paid cannot be recovered back merely because he was unable or unwilling to comply with all the conditions.

Hague vs. City of Ashland.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

One Charles Smith, on or about May 1, 1894, paid to the city treasurer of the city of *Ashland,* through plaintiff, as his agent, $200, to apply as part payment for a liquor license, for which he made application. The whole amount of the legal charge for such license, under the city charter, was $500. Immediately upon payment of the $200 he opened up his saloon and commenced business, and continued to run for about two or three weeks; the council in the meantime refusing to act favorably on his application, because he had not paid the full sum of $500. The city authorities then required payment of the balance, and, because he could not pay it, he closed the saloon and demanded repayment of the $200, which had been covered into the city treasury. He assigned his claim against the city to plaintiff, who filed a verified claim therefor with the city clerk on the 13th day of December, 1894. The common council of the city failed to act on the claim, either to allow or to disallow it, within sixty days after the date of its filing; and thereupon, on the 26th day of February, 1895, plaintiff appealed to the circuit court.

The facts above stated appeared on the trial undisputed, and on such facts the court granted a nonsuit, and judgment was rendered in defendant's favor, from which judgment this appeal was taken.

The cause was submitted for the appellant on the brief of *R. Sleight,* and for the respondent on that of *Geo. P. Rossman.*

MARSHALL, J. While the city charter of the city of *Ashland* fixes the license or charge for the sale of intoxicating liquors at $500, the general law governs in regard to the restrictions and conditions upon which such license may be issued. Sec. 1549, R. S., provides that before the issuing of

:a license the applicant shall give a bond as therein provided; ·and sec. 1548 provides that the license shall not be delivered until the applicant shall produce and file with the city clerk a receipt showing payment of the same, and until the bond ·is filed as provided by sec. 1549. The law contemplates the following steps in taking out a license: First, application in ·writing made out as the statute provides; second, favorable action on such application; third, the filing of the bond properly approved; fourth, payment of the amount of money required to the city treasurer; fifth, deposit with the clerk ·of the treasurer's receipt showing payment; sixth, the issuance of the license attested by the clerk. Until all these steps have been taken, the applicant cannot lawfully commence business. In this case it appears that the $200 was paid as a partial compliance with one of the conditions precedent to the commencement of the saloon business, and thereupon, without waiting for the performance of any other condition, plaintiff's assignor opened up his saloon, and continued to run the same for some three weeks.

It is laid down as a settled principle that, where money is paid in compliance with a condition precedent to the right to engage in the sale of intoxicating liquors, it cannot be recovered back. Black, Intox. Liq. § 188. So, in cases where the law requires payment of the money at the time of making the application, it cannot be recovered back if the application is denied. *Trainor v. Multnomah Co.* 2 Oreg. 214. The court there said, in effect: The law requires the applicant to present his application with a receipt showing payment of the money into the county treasury. Its payment is a condition precedent to his applying for a license, and not a deposit. Therefore, if the application is refused, such payment cannot become the foundation for an action to recover back the money. To the same effect are *Edinburg v. Hackney,* 54 Ind. 83; *Board of Comm'rs of Monroe Co. v. Kreuger,* :88 Ind. 232; and many other cases that might be cited. It

is otherwise where the law does not require payment of the
money as a condition precedent to the consideration of the
application.    In such case, if the applicant pays, in whole
or in part, his money in to the public treasurer, such treas-
urer really receives it without authority of law, and, until
the license is granted, the money continues the property of
the applicant, and subject to withdrawal, unless such right
is forfeited by some act on the part of such applicant. *State
ex rel. Noonan v. Lincoln*, 6 Neb. 12.    These cases are all in
harmony with the proposition that when payment of the
money is not a condition precedent to the consideration of
the application, or is not paid as a compliance with such con-
dition, the title to the money, if paid, does not pass, so long
as it continues as a mere deposit, and may be recovered back;
but if paid as a compliance with a condition precedent, then
it cannot be recovered back.    Therefore, plaintiff can re-
cover in this case unless the fact that he opened up his saloon
and ran it three weeks after payment of the money con-
verted it from a mere deposit, as in the case of *State ex rel.
Noonan v. Lincoln*, into a compliance with the condition
precedent, as in the case of *Trainor v. Multnomah Co.* 2
Oreg. 214.

The case appears, in principle, identical with *Curry v.
Tawas*, 81 Mich. 355.    Plaintiff paid his money, and immedi-
ately commenced business, without waiting for his license.
He made application for license, and presented the bond.
The board refused to approve the bond, and upon his failure
to present one satisfactory, he was compelled to close up,
and thereupon he demanded back his money and brought
his action to recover it.    The court held that he, having
voluntarily paid the money, and by commencing business
converted such payment into a compliance with one of the
conditions precedent to the right to engage in the sale of
intoxicating liquors, and then abandoned such business be-
cause he was unable or unwilling to comply with all the

conditions precedent to the issuing of his license, could not
recover it back. ·This is a very salutary rule, but it is merely
a plain application of the general and familiar principle that,
where payment is made in compliance with a condition pre-
cedent, it cannot be recovered back merely because the
payer is unable or unwilling to comply with all the condi-
tions. It follows that the judgment appealed from is right.

*By the Court.*— The judgment of the circuit court is af-
firmed.