Argued May 24, decided June 6, 1911.

## COLLINS v. GRANT.

[116 Pac. 334.]

MANDAMUS—COMPELLING PERFORMANCE OF JUDICIAL ACT.

1. Mandamus does not lie to compel a municipal judge to institute proceedings for the violation of a city ordinance, where he is not called on to institute prosecutions in his own court, but where the city attorney is alone authorized to institute such proceedings, and he has not presented to the police judge any complaint.

MUNICIPAL CORPORATIONS—OBSTRUCTIONS IN STREETS—REMEDY.

2. Where an obstruction in a street is occasioned by the authority of the city, granting the right to a railroad company to possess the street, individuals, complaining of the obstruction, must bring a civil action, and they may not insist on a prosecution for a violation of an ordinance, prohibiting obstructions in streets, and thereby throw the cost of the litigation on the city.

MANDAMUS—REMEDY—DOUBTFUL CASE.

3. Where the city attorney of a city and the council were of the opinion that an ordinance vacating a street took effect at once on its adoption and was not subject to a referendum, mandamus does not lie to compel the city attorney to institute a prosecution for a violation of an ordinance prohibiting obstructions in streets, to determine whether the vacation ordinance is suspended by a referendum petition.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is a proceeding by writ of mandamus issued upon the petition of M. O. Collins and Dan Kellaher against F. S. Grant, city attorney, George Tazwell, municipal judge, and N. D. Beutgen, municipal clerk of the city of Portland, to compel them to commence and prosecute proceedings against John Doe and Richard Roe for obstructing a street in violation of a city ordinance.

It appears that the Oregon Railroad & Navigation Company is constructing a bridge across the Willamette River in Portland; that upon its petition the city council duly passed an ordinance vacating a portion of Oregon and Adams streets to be occupied by the approach to the bridge; that thereupon John Doe and Richard Roe, employees of the railroad company, by its direction proceeded with the construction of the approach to the bridge over and upon such streets, being the obstruction complained of. Plaintiffs and others have filed, with the city auditor, a sufficient referendum petition ordering that the ordinance vacating such streets be referred to the people at the next city election for their approval or rejection. Plaintiffs requested the city attorney to prosecute the above-named employees of the railroad company for so obstructing the streets named, contending that the ordinance vacating the same did not take effect pending the referendum proceedings, and that the acts of the railroad employees constitute an unlawful obstruction to the streets. The city attorney contends that the ordinance vacating the street took effect at once, upon its

adoption by the council, and was not subject to the refer-
endum, being an administrative or judicial and not a
legislative act, and the plaintiffs, as citizens and tax-
payers, bring this action to compel the city attorney and
municipal judge to prosecute the employees for obstruct-
ing the street.

Defendants demurred to the writ on the ground that
plaintiffs have not the capacity to sue, and that the writ
does not state facts sufficient to constitute a cause of
action or to entitle them to the relief demanded. The
circuit court sustained the demurrer and dismissed the
writ; plaintiffs having refused to plead further. Plain-
tiffs appeal.                                    AFFIRMED.

For petitioners and appellants there was a brief over
the names of *Mr. John A. Jeffrey, Mr. Chas. E. Lenon,*
and *Mr. Clinton A. Ambrose,* with an oral argument by
*Mr. Jeffrey.*

For respondents there was a brief over the names of
*Mr. Frank S. Grant,* city attorney, *Mr. H. M. Tomlinson*
and *Mr. L. E. Latourette,* with oral arguments by *Mr.
Grant* and *Mr. Tomlinson.*

Opinion by MR. CHIEF JUSTICE EAKIN.

1. It is conceded by plaintiffs that no one except the
city attorney is authorized to institute proceedings for
the violation of city ordinances, and he has presented to
the police judge no complaint or charge against John
Doe and Richard Roe for obstructing the street; hence
the writ contains no allegations of dereliction of duty on
part of the municipal judge or his clerk. He is not a
prosecuting officer and is not called upon to institute
prosecutions in his own court, and therefore there is no
cause stated against him: *McLeod* v. *Scott,* 21 Or. 94
(26 Pac. 1061: 29 Pac. 1). The only question is: Should
the city attorney be required to file a complaint against

the employees of the railroad company and prosecute them for obstructing the street?

2. Without determining whether his discretion in such a matter should be controlled by mandamus in any case, we conclude that mandamus cannot be resorted to upon the facts here disclosed. It is doubtful whether a *quasi* criminal proceeding can be maintained against the laborers for obstructing a street which the city has attempted to vacate and of which it now concedes the possession to the railroad company. The obstruction is occasioned by the authority of the city. The only purpose of plaintiffs in urging the prosecution is to have determined in a *quasi* criminal case the railroad's right to the possession of the street, purely a disputed civil right, at the cost of the city instead of at the expense of the parties interested, which should not be permitted.

3. The scope of the ordinance and the regularity of its adoption are not questioned. The only question involved upon the writ is whether the ordinance vacating the street is suspended by the referendum petition. Mandamus will not issue in a doubtful case. Spelling, Extra. Rem. § 1370. If the city attorney or the council is of the opinion that the vacation ordinance took effect at once upon its adoption, and that there was no violation of the ordinance against the obstruction of streets, the court should not by mandamus compel the city attorney to bring a *quasi* criminal proceeding to determine whether the ordinance was suspended by the referendum petition. There are other and more appropriate remedies for that purpose. Therefore the writ does not state facts sufficient to entitle the plaintiffs to the relief sought.

The demurrer was properly sustained.

The judgment is affirmed.        AFFIRMED.