## John Watson *v.* C. R. Kennedy.

Suit for damages for wrongful attachment. Defendant pleaded that plaintiff had *illegally neglected* to bond the property attached. *Held:* —The right to set aside an attachment by delivering to the Sheriff an obligation to satisfy the judgment that may be rendered against him, is a privilege which the law accords to the defendant—and not a duty enjoined, and the attaching creditor cannot complain if the defendant fails to exercise it.

In cases of this character, based on the tortious acts of defendant, the jury are the legitimate judges of the *quantum* of damages, and the law leaves them much discretion.

APPEAL from the District Court, Third Judicial District, *Clark*, J. *Livingston*, for plaintiff. *Cohen*, for defendant and appellant.

CAMPBELL, J. This suit was instituted for the recovery of damages, alleged to have been sustained by plaintiff in consequence of the illegal seizure of his property by defendant.

It is alleged, that on the 27th August, 1850, defendant instituted suit against plaintiff by attachment, as endorser of a note for $1035. That under this proceeding, property of the value of from two thousand seven hundred to three thousand three hundred and seventy-five dollars, and money to the amount of two thousand five hundred dollars were attached—amounts much more than sufficient to satisfy the demand of the attaching creditor. That on the next day, and pending the suit referred to, defendant instituted another suit on the same cause of action, and caused to be attached some ten thousand barrels of coal, worth at the time seventy-five cents per barrel, but which at the release

of the seizure, upon the dismissal of the suit, (Nov. 29,) from a fall in the market, were worth but forty cents per barrel; wherefore he claims in damages the difference between the price at which the coal could have been sold during the seizure and its market value at the date of its release and delivery, which he alleges amounts to at least three thousand five hundred dollars. He further alleges that the seizure in this suit was illegal, vexatious and oppressive, and intended to embarrass him.

To this petition defendant filed a general denial, and by supplemental answer claimed five hundred dollars as damages resulting, as is alleged, from the "illegal and malicious conduct of plaintiff." On these issues the parties went to trial. The case was submitted to a jury, who returned a verdict of one thousand dollars in favor of plaintiff.

From the record it appears that the suit, instituted in the Third Judicial District Court on the 28th August by the defendant *Kennedy*, was dismissed the 25th November, on the plea of *lis pendens*, and that, on appeal to the Supreme Court, the judgment dismissing the suit was affirmed, 6 Ann., 807. From this and other facts disclosed by the records—as for example, the issuing of the first attachment before the right of action arose—the large value of the property seized as compared with the amount of the demand—the institution the next day, in a different tribunal, of another suit by attachment, against the same party, on the same cause of action—from all this we are satisfied that the suit complained of was uncalled for and vexatious, and prosecuted without due regard for the rights of the defendant.

It is urged by the defendant, as an objection to the demand of plaintiff and in support of his own claim for damages, that plaintiff *illegally neglected* to bond the property attached. The right to set aside an attachment by delivering to the Sheriff an obligation to satisfy the judgment that may be rendered against him, is a privilege which the law accords to the defendant, and not a duty enjoined, and the plaintiff cannot complain if he fails to exercise it. There is nothing in the evidence which supports the assertion made by the defendant in his printed argument, that plaintiff did not bond the property "solely to lay the foundation for a claim for damages."

In cases of the character of this, based on the tortious acts of the defendant, the jury are the legitimate judges of the *quantum* of damages, in the assessment of which the law leaves them much discretion; C. C. 1928, n. 8; and in view of all the facts, (notwithstanding the testimony on this point is somewhat conflicting,) we are unable to say that this discretion has been improperly exercised by them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

Rehearing refused.