WHEELER vs. McDILL and others.

*January 17 — February 8, 1881.*

ATTACHMENT: OFFICER. *Surrender of attached property, by officer, on tender of security. Liability of officer if security insufficient, etc.*

1. Sec. 8, ch. 154, Laws of 1862, made sec. 103, ch. 120, R. S. 1858, a part of the first-named act; and in case of an attachment under that section, the sheriff was bound to surrender the property to the defendant on his tendering proper security.

2. In an action upon a sheriff's bond, the complaint avers generally that the sheriff "wrongfully and unlawfully released his levy" upon the property in such a case, and, in support of this averment, alleges no other facts than that he surrendered the logs to the attachment defendant on receiving security in the form prescribed by the statute; that said defendant and his surety converted the logs; and that both of them *are* insolvent. *Held*, on demurrer, that these facts are insufficient to show a breach of the sheriff's bond.

[3. The sheriff's bond in this case contained the statutory condition for the faithful performance of the duties of the office, but omitted the other conditions required by statute. Without deciding the question, the court is inclined to the opinion that the bond is valid, and that one aggrieved by breach of its condition may sue upon it in his own name.]

APPEAL from the Circuit Court for *Portage* County.

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The action was upon a sheriff's bond, and was brought against

the sureties therein and the administratrix of the estate of the sheriff, who died after the alleged cause of action arose. The bond is set out in the complaint. The sureties are not named in the body of it. It contains substantially the statutory condition for the faithful performance of the duties of his office by the sheriff, but the remaining conditions required by statute are omitted therefrom. R. S. 1858, ch. 13, sec. 96; R. S., 253, sec. 720.

It is alleged in the complaint, that, in the year 1875, the plaintiff commenced an action before a justice of the peace of Portage county against one Hall, to enforce a laborer's lien upon a quantity of logs, to the amount of $121; that the justice thereupon issued an attachment against such logs, which was delivered for service to a deputy of the sheriff, who seized the logs by virtue of his writ; and that before judgment "the sheriff wrongfully, unlawfully and oppressively released said levy so made," and delivered the logs to said Hall and one William J. Clifford, without the consent of the plaintiff.

The only facts upon which, it is understood, the allegation of an unlawful release of the levy are predicated, are thus stated: "Plaintiff further shows, upon information and belief, that at the time of the unlawful surrender and delivery of said property to said James Hall and William J. Clifford by said sheriff, the said James Hall, as principal, and W. J. Clifford, as surety, executed and delivered to said sheriff a receipt for said property, which said receipt was conditioned, in substance, to deliver said property to said sheriff upon the order of the justice of the peace therefor, or in default thereof to pay to said sheriff a sum therein named as liquidated damages for said non-delivery, amounting to about the sum of $266."

The complaint further alleges that Hall and Clifford converted the logs, and that both of them are insolvent; that plaintiff duly recovered judgment in the lien suit for the amount of his claim, and caused execution to be issued thereon; that demand for the logs has been made of the deputy

sheriff and the receiptors, and all legal means to collect the judgment have been exhausted, without success; and that the plaintiff has been authorized by the circuit court to bring suit on the sheriff's bond for such alleged breach thereof.

The demurrer to the complaint was sustained, and plaintiff appealed from the order.

The cause was submitted on the brief of *Kellogg & Bardeen* for the appellant, and that of *Raymond & Haseltine* for the respondents.

LYON, J. The only breach of the bond in suit assigned in the complaint is, that the sheriff wrongfully and unlawfully released his levy upon the logs, by means whereof the plaintiff lost his debt. If the sheriff released the levy unlawfully, he must have done so by some act, or some omission of duty, susceptible of averment and proof; as if, for example, he failed to make return to the writ that he had seized the logs, or unlawfully surrendered possession of them to another.

The only facts stated in support of the allegation of the breach assigned is, the surrender of the possession of the logs to Hall and Clifford on receiving their instrument or obligation in double the amount of the plaintiff's interest in the logs, "conditioned in substance to deliver said property to said sheriff upon the order of the justice of the peace therefor." It is a fair and reasonable construction of the complaint (the construction evidently intended by the pleader), that such surrender of the logs to Hall and Clifford is the only fact upon which the charge of an unlawful release of the levy is predicated. The question is, therefore, Was such surrender, under the circumstances stated in the complaint, a breach of official duty by the sheriff?

The lien suit was instituted under chapter 154, Laws of 1862, extended, by chapter 66, Laws of 1866, to Portage county. Section 8 of the act of 1862 gave justices of the peace jurisdiction of such actions to a certain amount, and

Wheeler vs. McDill and others.

provided that the procedure in such actions should be as prescribed in that portion of chapter 120, R. S. 1858, entitled " Of proceedings by attachment and against garnishees," so far as applicable, unless otherwise provided. This provision undoubtedly incorporated section 103 of ch. 120 as part of the act of 1862. That section reads as follows: " When property of the defendant shall be actually seized on attachment, the defendant, or any other person for him, may obtain possession thereof by giving bond and security, to the satisfaction of the officer executing the warrant, in double the value of the property so attached, conditioned that the same shall be forthcoming when and where the justice shall direct, and shall abide the judgment of the justice."

On compliance with the statute, the defendant in the attachment was entitled to the possession of the property attached. If proper security was tendered, the officer had no discretion in the matter. He was bound to accept the security and surrender the property. Such being his imperative duty, it seems scarcely necessary to say that the performance of it cannot be a breach of his official bond, if he performs it honestly and with due diligence to protect the rights of the plaintiff. As a matter of course, if he knowingly or negligently accepts insufficient security, that is a violation of duty, and a breach of the conditions of his official bond.

In the present case the security accepted by the sheriff was substantially that prescribed by the statute. There is no charge or suggestion in the complaint that Clifford (the surety) was not abundantly responsible, pecuniarily, when the sheriff accepted the security, or that the plaintiff failed in any respect in his duty in that behalf. The statement of Clifford's insolvency is in the present tense, and relates only to the time when the complaint was prepared, which was several years after the sheriff accepted him as a surety. Our conclusion is, that the complaint fails to show any breach of official duty by the

sheriff, and hence that it fails to show a cause of action upon his official bond.

In the view we have taken of the case, it is unnecessary to determine the effect of the failure to insert in the bond all of the statutory conditions. It may not be improper to say, however, that, as at present advised, we perceive no good reason why the bond is not a valid security, or why a person aggrieved by a breach of its conditions may not maintain an action upon it in his own name.

*By the Court.*— Order affirmed.

ORTON, J., dissents.