[Filed January 28, 1889.]

CHARLES KOHN & CO., APPELLANTS, *v.* I. S. HIN-
SHAW, SHERIFF OF BAKER COUNTY, RESPONDENT.

PLEADING — CONSTRUCTION. — A party's pleading is to be construed most
strongly against himself, for the purpose of determining its sufficiency.

STATUTORY CONSTRUCTION — SECTION 154, HILL'S CODE. — The word "may"
in this section held to be equivalent to the word "must," and therefore
when a sufficient undertaking is tendered to the sheriff under this section
by a claimant of the property attached, it is his duty to accept it, and to
deliver the attached property to such claimant.

STATUTORY CONSTRUCTION — "MAY." — When the word "may" is used in a
statute in conferring power upon a court officer, or tribunal, and the pub-
lic or a third person has an interest in the execution of the power, the
exercise of the power becomes imperative.

UNDERTAKING — LIEN OF ATTACHMENT. — By the execution of the undertak-
ing provided for by section 154, Hill's Code, the lien created by the
attachment is not vacated or destroyed.

SHERIFF — NEGLECT — ACTION — PLEADING. — In an action against a sheriff
for a neglect of an official duty, the complaint must allege the particular
neglect or omission upon which the plaintiff relies.

SHERIFF'S DUTY — EXECUTION. — After receiving an execution in an action
where property has been attached and delivered to a claimant upon exe-
cuting the usual undertaking, the limit of the sheriff's duty is to make
a demand for the property bonded, and if the same is not delivered to him,
to make a return of all of his proceedings to the court.

FAILURE OF THE CLAIMANT TO DELIVER THE PROPERTY — PLAINTIFF'S REMEDY.
— If the claimant fail to deliver the property attached according to the
terms of his undertaking, the plaintiff may bring an action on such under-
taking in his own name. He is the person for whose benefit such under-
taking was executed, and is the real party in interest.

APPEAL from Baker County.

*J. W. Whalley,* and *Hyde & Hyde,* and *C. A. Johns,* for
Appellant.

*Olmstead & Anderson,* for Respondent.

*J. J. Shaw,* for Claimants.

STRAHAN, J.—This action is prosecuted by the plain-
tiffs to recover against the defendant, who is the sheriff

of Baker County, Oregon, the sum of $563 damages, and $55.06 costs and disbursements expended in another action, with costs of this action.

From the amended complaint it appears that about the month of August, 1887, the plaintiff commenced an action in the circuit court of Baker County to recover of one Daniel Cochrane the sum of $563, with costs and disbursements, and caused a writ of attachment to be issued in said action, and placed the same in the hands of the defendant, as sheriff of Baker County, for service; that by virtue of said writ, the defendant, as such sheriff, seized several barrels of whisky as the property of said Daniel Cochrane; that afterwards, on the seventh day of September, 1887, the plaintiff duly recovered a judgment in said action for the sum of $563, and $55.06 costs and disbursements, and on the same day caused an execution to be issued on said judgment, which execution was duly placed in the hands of the defendant, sheriff of said Baker County, for service; that at the time of the issuance of said attachment, and at the time of the commencement of said action, and the seizure of said property by virtue of said writ, and at the time of the issuance of said execution, and the delivery thereof to the defendant as sheriff, the said Daniel Cochrane was and still is the owner of said several barrels of whisky, which were of the value of $650; that said sheriff has not applied said whisky on said execution as directed by said execution, nor has he sold the same as commanded by said writ, and said Daniel Cochrane did not have and has not any other property subject to levy under said execution, by means whereof the plaintiffs have been deprived of all means of satisfaction of said execution; that plaintiffs are informed that said sheriff delivered said whisky to certain claimants thereof upon the giving to said sheriff an

undertaking for the redelivery thereof, or payment of the value thereof to said defendant as sheriff, as aforesaid.

To this complaint the defendant demurred, which being sustained by the court, final judgment was entered against the plaintiffs for costs and disbursements, from which they have appealed to this court.

1. Upon the argument here a preliminary objection was taken by the appellants to the effect that it did not sufficiently appear from the complaint that the attached property had been delivered by the defendant to any person upon receiving the statutory undertaking therefor by the sheriff. His objection is, that the allegation in the complaint that "plaintiffs are *informed* that said sheriff delivered said whisky," etc., is not equivalent to the direct allegation that he had so delivered it.

It would seem somewhat paradoxical to allow a pleader to take advantage of an admitted defect in his own pleading for the sole purpose of escaping a more serious objection urged by his adversary; in other words, using its admitted weakness at one point for the purpose of giving it strength at another. But however this may be, applying the ordinary rule that a party's pleading is to be construed most strongly against himself, for the purpose of determining its sufficiency, and the objection vanishes. Besides, this is an objection as to form only, not urged or taken in the court below, and it ought not to be controlling on this appeal. For the purpose of testing the sufficiency of this pleading the allegation in question must be held equivalent to a direct statement that the sheriff had received a proper statutory undertaking upon the execution of which he had delivered the property levied upon to the claimants.

2. But the real question which the parties present on this appeal is the construction of section 154 of Hill's Code, which is as follows:—

"SEC. 154. The sheriff may deliver any of the property attached to the defendant, or to any other person claiming it, upon his giving a written undertaking therefor, executed by two or more sufficient sureties engaging to redeliver it, or pay the value thereof, to the sheriff to whom execution upon a judgment obtained by the plaintiff in that action may be delivered."

Section 159 of the code provides for *the discharge* of the attachment upon the order of the court or judge, and upon notice to the plaintiff by the execution of an undertaking required by section 160.

The undertaking under that section binds the sureties to pay to the plaintiff the amount of the judgment that may be recovered against the defendant in the action.

The appellants' contention is, that the undertaking provided by section 154 is for the benefit solely of the sheriff, and that the security provided for inures, not to the plaintiff, but to the sheriff himself. It is said that it may be more convenient for the sheriff and claimant to act under this section than to keep the property in the custody of the sheriff, especially when the latter is fully protected by a bond taken and approved by himself, and therefore presumably a perfectly satisfactory security to him. In other words, the appellant contends that the authority conferred by this section in question is permissive only, and not mandatory.

The appellants' contention grows out of the use of the word "may" in this section. If that word is used in a permissive sense only, then there is good reason for the plaintiff's contention; but if in this connection it is equivalent to the word "must," then the appellant concedes his position is untenable. It is a general principle in statutory construction that where the word "may" is used in conferring power upon an officer, court, or tribunal, and the public or a third person has an interest in

the exercise of the power, then the exercise of the power becomes imperative.

In commenting on this subject Endlich on Interpretation of Statutes, section 310, says: "But it would be difficult to believe that Parliament ever intended to commit powers to public persons for public purposes, for exercise or non-exercise, in any such spirit. An enactment that a court or person 'may' swear witnesses, or that a justice 'may' issue a summons on complaint of an offense, or the chancellor a commission in a case of bankruptcy, is no mere permission to do such acts, with a corresponding liberty to abstain from doing them. Whenever the act is to be done for the benefit of others, the word 'may,' or any of its equivalents, simply confers a power or capacity to do the act. It is facultative, not permissive; and neither by its own connotation, nor by force of any legal principle, does it necessarily imply an option to abstain from doing the act. On the contrary, it is a legal or rather a constitutional principle that powers given to public functionaries or others for public purposes or the public benefit are always to be exercised when the occasion arises." (Sedgwick on Statutory and Constitutional Law, 438; Potter's Dwarris on Statutes, p. 220, and note 27.)

And such is the construction of this statute by law-writers and courts. Waples on Attachments, page 399, says: "The defendant has the right of bonding the attached property upon offering proper security. The sheriff cannot deny him this right." (*Wheeler* v. *McDill*, 51 Wis. 356; *Watson* v. *Kennedy*, 8 La. Ann. 280; Drake on Attachments, sec. 313.)

These authorities I think sufficiently show the defendants' or claimants' right to take the attached property into their own possession by a compliance with the statute; and if so, they dispose of the main question relied upon by the appellants.

I think it may be proper to say, also, that the weight of authority seems to be that the execution of the undertaking under this section does not discharge the lien of the attachment. (American and English Encyclopedia of Law, 925, where the whole subject is treated with the learning and research usual with the editors of that excellent and useful publication.)

From what has been said, it is apparent that the complaint fails to state facts sufficient to constitute a cause of action. It does not go far enough to charge upon the defendant a neglect or failure to perform an official duty.

The complaint fails to allege that the sheriff neglected or refused to demand the property or its value from the claimants, who executed the undertaking. In the absence of such allegation, we cannot assume such neglect, nor can we assume that the demand would have been complied with if made. To make the demand after receiving the execution was the limit of the sheriff's duty, and if the same was not complied with, his duty was to return into court a full statement of all of his proceedings. If the defendant or claimant fail to pay the value of the property to the sheriff to whom an execution has been issued on the judgment, or to deliver the property itself to such sheriff upon demand, the plaintiff has a remedy on the undertaking.

Says Waples on Attachment, page 396: "On such a bond, after failure to deliver on demand, if demand is required by the terms, or on failure to deliver for execution without demand when none is requisite, the plaintiff, upon transfer to him by the sheriff, may recover of the principal, or of the surety, the value of the property, provided that the value does not exceed the amount of the judgment, interest, and cost."

But under our system no such transfer is necessary, for the reason the bond by its terms is not made payable to

the sheriff, and being designed for the plaintiff's benefit, he is the real party in interest, and may maintain an action on such undertaking whenever there is a breach.

The judgment of the court below must therefore be affirmed.

LORD, J., being indisposed, did not sit, and took no part in the decision of this case.

THAYER, C. J.—I was very much in doubt at the argument as to what construction should be given the statute in question, but in view of the authorities referred to in the foregoing opinion of Judge Strahan, I am inclined to think that the sheriff is obliged to take an undertaking in such case, when executed with sufficient surety, and that the undertaking is executed for the benefit of the plaintiff in the writ. I therefore concur in the said opinion.