Argued July 1, affirmed October 18, rehearing denied November 15, 1927.

## A. G. LYONS v. C. H. GRAM, LABOR COMMISSIONER.

(260 Pac. 220.)

Licenses—Whether Statute Providing That Labor Commissioner "May" Issue Licenses for Employment Agencies is Mandatory is to be Determined in View of Objects of Statute and Evils Sought to be Remedied (Or. L., § 6728, as Amended by Laws 1925, p. 439).

1. In determining whether Section 6728, Or. L., as amended by Laws of 1925, page 439, providing that Commissioner of Labor Statistics and Inspector of Factories and Workshops "may" issue licenses to employment agencies is mandatory, or whether it vests discretion in commissioner, court should consider object of legislature to protect laborers and wage-earners from dishonest employment agents and evils sought to be eradicated.

Statutes—Word "May" in Statute will be Given Mandatory Meaning Only When Necessary to Give Effect to Legislative Intention.

2. While the word "may" in a statute will be construed as must or shall whenever rights of third persons or the public good requires, it will be so construed only when necessary to give effect to the intention of the legislature, as where it is clear that legislature intended to impose a positive and absolute duty.

---

2. Meaning of "May," see notes in 15 **Am. Dec.** 467; 30 **Am. St. Rep.** 775. See, also, 25 **R. C. L.** 767.

Licenses—Statute Providing That Labor Commissioner "May" Issue Licenses to Operate Employment Agencies in Certain Events Vests Him With Discretion as to Issuance of Licenses (Or. L., § 6728, as Amended by Laws 1925, p. 439).

3. Section 6728, Or. L., as amended by Laws of 1925, page 439, providing that Commissioner of Labor Statistics and Inspector of Factories and Workshops, "may," upon payment of annual license fee and filing of bond in amount specified, when such bond has been approved by him, issue a license for one year to an employment agent, does not require him to issue licenses on compliance with the conditions specified, but vests him with discretion in issuing licenses in view of legislative policy to protect laborers and wage-earners from dishonest employment agents, shown by Sections 6726, 6730, 6733, 6735–6737.

Mandamus—Mandamus will not Lie to Control Discretion of Labor Commissioner as to Issuance of License to Employment Agent (Or. L., § 6728, as Amended by Laws 1925, p. 439).

4. Court will not issue *mandamus* to compel Labor Commissioner to issue license to employment agent, under Section 6728, Or. L., as amended by Laws of 1925, page 439, since he is vested with discretion as to issuance.

Mandamus—Question of Fact may not be Reviewed by Mandamus.

5. It is not the province of a writ of *mandamus* to review questions of fact.

Mandamus—Mandamus Might Issue Only for Violation of Plain Legal Duty.

6. Petitioner for writ of *mandamus* was bound to point out violation of plain legal duty.

---

Licenses, 37 **C. J.**, p. 169, n. 30, p. 212, n. 50, p. 213, n. 55, p. 240, n. 77, 78.

Mandamus, 38 **C. J.**, p. 570, n. 72, p. 593, n. 49, p. 600, n. 84, p. 601, n. 86, p. 602, n. 87, 88, p. 689, n. 97, p. 914, n. 51, p. 916, n. 68.

May, 39 **C. J.**, p. 1393, n. 67, 68, p. 1394, n. 77, 79.

Statutes, 36 **Cyc.**, p. 1110, n. 54, 56, p. 1111, n. 58, p. 1157, n. 4, p. 1159, n. 19, 23, p. 1160, n. 28, 29, 33.

From Marion: L. H. McMahan, Judge.

Department 2.

Affirmed.     Rehearing Denied.

---

3. Validity of statute vesting discretion as to license in public official, without prescribing a rule of action, see note in 12 **A. L. R.** 1435.

4. *Mandamus* to control exercise of discretion, see note in 98 **Am. Dec.** 375. See, also, 18 **R. C. L.** 124, 292.

For appellant there was a brief and oral argument by *Mr. Wilber Henderson.*

For respondent there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Assistant Attorney General.

BELT, J.—This is a proceeding in *mandamus* to compel the State Labor Commissioner to issue a license to petitioner for the purpose of operating an employment agency in the City of Portland. The application for the license was made in the manner and form as provided by statute. Accompanying it were the affidavits of ten freeholders to the effect that they believed the applicant to be a person of good moral character and capable of conducting such business. A suitable bond was filed and the annual license fee of $250 was tendered. The application was rejected, as disclosed by the return to the alternative writ, for the reason that "plaintiff is not a suitable person to operate an employment agency," the defendant alleging specific instances wherein the petitioner had defrauded laborers who had applied to him for employment.

It is the contention of the plaintiff that, having complied with the statute, the issuance of the license by the Labor Commissioner is purely a ministerial act and he is not called upon to determine whether the applicant is a fit person to operate an employment agency, as such is conclusively established by the affidavits accompanying the application.

The issuance of the writ depends primarily upon whether the language of Section 6728, Or. L., as

amended by Chapter 244, Laws of Oregon for 1925, is directory or mandatory. This section provides:

"The commissioner of labor statistics and inspector of factories and workshops may upon the payment of an annual license fee and filing of a bond in the amounts hereinafter provided, when such bond has been approved by him, issue to the employment agent a license for the period of one (1) year; * * ."

Was it the intention of the legislature to use the word "may" in the above section in its usual and ordinary meaning or can it be said from the context of the act that it was used in an imperative sense? In other words, does the Labor Commissioner have any discretion in the issuance of licenses if there has been a compliance with the law as to the manner and form of making application?

It is deemed necessary briefly to state the substance of other provisions of the act in order to comprehend the purpose and spirit of such legislation. Section 6726, Or. L., requires that the application for license shall be filed with the Commissioner thirty days in advance of the date the license is to be issued and "that the application shall set forth that the applicant is a citizen of the United States and shall be accompanied by the affidavits of at least ten (10) freeholders of the state of Oregon, to the effect that the said persons believe the said applicant to be a person of good moral character and capable of exercising an employment agent's license according to the terms of this act." This section also provides that the applicant must furnish a bond that he will fully comply with the requirements of the act. Section 6730, Or. L., imposes a civil liability upon any employment agent who gives incorrect information to any person who files application for employment. Section 6733,

Or. L., concerns the criminal liability of employment agents. Section 6735, Or. L., confers upon the Commissioner of Labor the power "to make all needful rules and regulations for the administration of this act, to provide forms for applications and such other forms as may be from time to time necessary in the administration hereof." Section 6736, Or. L., authorizes the Commissioner to revoke a license after proof that such agent has violated the provisions of the act. Section 6737, Or. L., provides for appeal to the Circuit Court from the decision of the Commissioner of Labor.

1. It is plain from the provisions of the act that the legislative policy was to protect laborers and wage-earners against the pernicious activities of dishonest and unscrupulous employment agents. In determining whether the language of Section 6728, Or. L., as amended, is mandatory or permissive, we should have in mind the object of the legislation and the evils sought to be eradicated.

Without question the Labor Commissioner was authorized to revoke the license of any agent proven unworthy of conducting such business, but it is insisted by appellant that, however unworthy the applicant may be at the time of making the application, the Commissioner must issue the license if petitioner has been able to find, among the many thousands of citizens, ten freeholders who are willing to make affidavit that they "believe" the applicant to be a person of good moral character. If plaintiff's construction of the act is correct, an employment agent whose license has been revoked needs only to file another application in compliance with the statute and he would be legally entitled to another license. We are not inclined to adopt a construction which might lead

to such an absurdity. What was the purpose of requiring the application to be filed thirty days prior to the issuance of the license? Was it not to give the Labor Commissioner an opportunity to investigate and determine whether the applicant was a person of good moral character? The fact that the license was to be issued for a period of only one year indicates the intention of the legislature to confer upon the Commissioner the power to exercise close supervision over persons to whom licenses have been issued. We think it was not contemplated that the Labor Commissioner was bound to look only to the affidavits even though he might have most convincing proof that the applicant was a first-class crook. If the law is otherwise, the office might well be abolished.

2. Whether "may" should be construed as meaning "must" has been much discussed and many authorities could be cited showing its use in a mandatory sense as well as in the ordinary meaning of the word: Words and Phrases, Vol. 5, p. 1420; 39 C. J. 1393. In determining its use, the rule has thus been stated by Mr. Chief Justice LORD in *King Real Estate Assn.* v. *City of Portland,* 23 Or. 199 (31 Pac. 482):

"It has always been construed 'must' or 'shall' whenever the rights of third persons or the public good requires it. But this is only when it is necessary to give effect to the intention of the legislature, as where it is clear that such intention is to impose a positive and absolute duty, and not merely to give a discretionary power."

3. In the instant case we see no reason for departure from the usual sense in which the word is used. Indeed, by holding that the Labor Commissioner is vested with discretion, it is believed that the legislative policy to protect wage-earners is recog-

122 Or.—44

nized and given effect. The above rule was cited with approval in *Kime* v. *Thompson,* 60 Or. 183 (118 Pac. 174). Also see Lewis' Sutherland on Statutory Construction (2 ed.), § 640.

It would greatly extend this opinion to review the numerous authorities cited wherein ''may'' has been construed as having been used in a mandatory sense. *Smith* v. *King,* 14 Or. 10 (12 Pac. 8), *Kohn* v. *Hinshaw,* 17 Or. 308 (20 Pac. 629), *McLeod* v. *Scott,* 21 Or. 94 (26 Pac. 1061, 29 Pac. 1), are not controlling, as in those cases it was apparent, from the nature of the legislation under consideration and in view of the context, that it was the intention to impose an absolute duty to act. We are content to base this decision upon the fundamental proposition that it is not apparent from the context that the language of the act relative to the issuance of licenses was used with any other meaning than that which it is ordinarily understood to express. In its usual acceptance it is permissive in character and there are no interests of the public involved which would demand it to be construed in an imperative sense.

4–6. Having held that the Labor Commissioner is vested with discretion, it follows, under the well-established rule, that *mandamus* will not lie to control it: *Trippeer* v. *Couch,* 110 Or. 446 (220 Pac. 1012); *Salem Sand & Gravel Co.* v. *Olcott,* 97 Or. 253 (191 Pac. 776); *State* v. *Siemens,* 68 Or. 1 (133 Pac. 1173). Petitioner complains of the finding of the court that he was not a fit and proper person to whom license should be issued. It is not the province of a *mandamus* to review questions of fact. There is evidence tending to support the findings. Before petitioner is entitled to this extraordinary relief he must point to

the violation of a plain legal duty and this he has not done.

The judgment of the court in dismissing the alternative writ is affirmed.

AFFIRMED.  REHEARING DENIED.

McBRIDE and BROWN, JJ., concur.