IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ROBERT J. CLARK and MELITA L. CLARK, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 200346N |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| | ) | **ORDER GRANTING DEFENDANT'S** |
| Defendant. | ) | **MOTION FOR SUMMARY JUDGMENT** |

This matter came before the court on Defendant's (the department) Motion for Summary Judgment (Motion). The issues are whether a penalty for Plaintiffs' substantial understatement of net tax under ORS 314.402 was correctly imposed and, if so, whether the department abused its discretion in declining to waive the penalty.

## I. STATEMENT OF FACTS

In June 2016, Plaintiffs moved from California to Oregon. (Compl at 2; Def's Mot at 1.) For the 2016 tax year, Plaintiffs used TurboTax to prepare and file their tax returns. (Compl at 2.) Plaintiffs state that they took care in completing their returns on TurboTax. (*Id*.) Plaintiffs' return claimed a credit for taxes paid to California which the department later denied by Notice of Deficiency.[1] (Def's Ex A at 2.) The department determined the resulting understatement of net tax liability was $3,305, which is considered a substantial understatement under ORS 314.402(6). (*Id.* at 2–3.) A 20 percent penalty of $661 was assessed and added to the deficiency amount. (*Id.* at 3.)

---

[1] Generally, appeal is taken from a notice of assessment. *See* ORS 305.265(15). "If the deficiency is paid in full before a notice of assessment is issued, the department is not required to send a notice of assessment, and the tax shall be considered as assessed as of the date which is 30 days from the date of the notice of deficiency or the date the deficiency is paid, whichever is the later." ORS 305.265(14).

Plaintiffs filed a timely written objection to the notice of deficiency. (Def's Ex B, Decl Smith at 1, ¶4.) After reviewing additional documents from Plaintiffs, the department upheld the $3,305 deficiency in its Written Objection Determination. (Ex C at 2.) Plaintiffs also requested a penalty waiver, which the department denied based on its conclusion that Plaintiffs failed to demonstrate "reasonable cause" for the understatement. (*Id.*) Citing OAR 150-314-0207, the department explained that, "[g]enerally, reliance on an information return, incorrect facts or advice of a professional does not demonstrate reasonable cause and good faith, unless under all the circumstances the taxpayer's reliance was reasonable." (*Id.*)

Plaintiffs filed their Complaint with the court, challenging the assessment and the imposition of the substantial understatement of net tax penalty. (Compl at 2.) Plaintiffs argued that the assessment and penalty were unfair due to Plaintiffs' good faith reliance on TurboTax to prepare their taxes. (*Id.*) Plaintiffs declined to continue their challenge of the underlying tax assessment but continue to seek waiver of the penalty. (*See* Ptfs' Resp at 2.)

## II. ANALYSIS

The department moves for summary judgment on two issues: 1) whether it correctly imposed the substantial understatement of net tax penalty, and 2) whether it abused its discretion in denying Plaintiffs' request for a penalty waiver. (Mot at 2.) The court grants a motion for summary judgment if all the documents on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law." Tax Court Rule (TCR) 47 C.[2] "No genuine issue as to a material fact exists if, based upon the record before the

---

[2] TCR 47 is made applicable by Tax Court Rule – Magistrate Division (TCR-MD) 13 B which provides that "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."

court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party * * *." *Id*.

A.      *Whether the Substantial Understatement of Tax Penalty Was Correctly Imposed*

The 20 percent penalty for substantial understatement of tax under ORS 314.402[3] applies only to taxes "impos[ed] on or measured by net income[.]" As a preliminary matter, the court notes that this case involves a tax on Plaintiffs' personal income; a tax imposed on or measured by net income. ORS 316.037; ORS 316.022(6).

The substantial understatement of tax penalty is mandatory if a taxpayer substantially understates their net tax by more than $2,400. *See* ORS 314.402(2)(a).[4] The department concluded that an understatement of net tax of $3,305 existed for tax year 2016. As Plaintiffs' understatement of net tax exceeded $2,400, the 20 percent penalty of $661 was correctly calculated.[5]

An understatement is reduced to the extent that the taxpayer either (a) had "substantial authority" for its position or (b) had a "reasonable basis" for its position and "adequately disclosed" the relevant facts on the return. *See* ORS 314.402(4)(b); *Ooma v. Dept. of Rev.*, TC 5331, 2020 WL 1035995 at *14 (Or Tax, Mar 2, 2020). "Both substantial authority and reasonable basis denote objective standards; they can be met only if identifiable legal authority supports the taxpayer's treatment of a disallowed item." *Santa Fe Nat. Tobacco Co. v. Dept. of Rev.*, TC-MD 170251G, 2019 WL 983539 at *7 (Or Tax M Div, Feb 26, 2019). Here, Plaintiffs'

---

[3] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

[4] The word "shall" in ORS 314.402 indicates that the penalty is mandatory when net tax is understated by more than $2,400. *E.g., Routledge v. Dept. of Rev.*, TC 5344, 2020 WL 1814309 at *4 (Or Tax, Apr 9, 2020); *Hays v. Dept. of Rev.,* TC-MD 160180C, 2017 WL 77085 (Or Tax M Div Jan 9, 2017) (applying previous law which used substantial understatement of income rather than net tax).

[5] $3,305 x 0.2 = $661

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

have disclosed no authority in support of their position and apparently concede that their position was not supported. Plaintiffs rely entirely on their allegation of a software error in TurboTax. Thus, there is no basis to reduce the understatement of tax and the department was required to impose the penalty because Plaintiffs' understatement of tax exceeded $2,400. The court grants the department's motion for summary judgment on this issue.

B.      *Whether the Court May Review the Department's Decision Not to Waive the Penalty*

An order denying the discretionary waiver of penalty or interest by the department is not appealable to this court. ORS 305.560(1)(a); *see also Pelett v. Dept. of Rev.*, 11 OTR 364, 365 (1990). The court has the authority to review whether a penalty was correctly imposed, but not whether the department should have waived the penalty. *Id*. at 365. The department has broad authority to grant discretionary waivers of "any part or all of penalties provided by the laws of the State of Oregon" under ORS 305.145(4). However, ORS 314.402(6) contains a separate penalty waiver provision:

> "The department *may* waive all or any part of [the substantial understatement of net tax] penalty on a showing by the taxpayer that there was reasonable cause for the understatement, or any portion thereof, and that the taxpayer acted in good faith."

(Emphasis added.) The question is whether the word "may" means that the department has discretion to waive the penalty. If "may" means the waiver is discretionary, the court may not hear the appeal. Otherwise, the court's review is an original proceeding, which the court hears *de novo*. ORS 305.425(2).[6]

---

[6] Several magistrate cases have considered the taxpayer's penalty waiver request under ORS 314.402(6) under an abuse of discretion standard without considering the effect of ORS 305.560(1)(a). *See Hansen v. Dept. of Rev.*, TC-MD 081122D, 2009 WL 3089297 at *15 (Or Tax M Div, Sept 29, 2009) (court reviewed taxpayer's waiver request under ORS 314.402(6) under an abuse of discretion standard without considering ORS 305.560(1)(a)); *DeBoer v. Dept. of Rev.*, TC-MD 140027N, 2014 WL 4783255 at *9 (Or Tax M Div, Sept. 25, 2014) (court declined "to substitute its own view for the administrator's judgment" under ORS 314.402(6)); *Caughlin v. Dept. of Rev.*, TC-MD 180252N, 2018 WL 4693806 (Or Tax M Div, Sept 25, 2018) (refusing to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

The court determines the meaning of statutory terms by applying the framework in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Under that framework, the court considers the text, context, and any helpful legislative history. *See id.* "[T]ext and context * * * must be given primary weight in the analysis." *Id.* The court may also consult maxims of statutory construction to resolve remaining ambiguities. *See id.*

1.    *Text*

The court ordinarily presumes that the legislature intended terms to have their plain, natural, and ordinary meaning. *PGE v. Bureau of Labor & Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The court begins with the plain meaning of the word "may" at the time it entered Oregon law. *See Comcast Corp. v. Dept. of Rev.*, TC 5265, 2020 WL 6948453 at *35 (Or Tax, Nov 25, 2020). Here, the relevant year is 1987, when ORS 314.402 was enacted. The dictionary defines "may" as "have power, am able" and "have permission to" as well as "SHALL, MUST— used esp. in deeds, contracts, and statutes." *Webster's Third New Int'l Dictionary* 1396 (unabridged ed 1961); *see also Webster's Ninth New Collegiate Dictionary* 734-35 (ed 1987) (defining "may" as "have power, am able" or "SHALL, MUST—used in law where the sense, purpose, or policy requires this interpretation.")

Oregon courts have often had to determine the meaning of "may" in statutory context. The court considers those cases to the extent relevant. "Ordinarily, the use of the word 'may' in a statute is permissive; it denotes permission, authority, or liberty to do something." *Scott v.*

consider taxpayer's request for a penalty waiver under ORS 314.402(6) because he failed to allege that the department abused its discretion in denying his request). In other cases, the court has indicated that ORS 305.560(1)(a) prevents the court from considering a taxpayer's penalty waiver under ORS 314.402(6). *See Wong v. Dept. of Rev.*, TC-MD 090040C, 2009 WL 1452044 (Or Tax M Div, Mar 11, 2009) (holding court did not have jurisdiction over penalty waiver under ORS 314.402(6)); *Santa Fe Nat. Tobacco Co. v. Dept. of Rev.*, TC-MD 170251G, 2019 WL 983539 at *8-9 (Or Tax M Div, Feb 26, 2019) (stating that the court "lacks authority to consider taxpayer's challenge to the department's denial of a discretionary penalty waiver" under ORS 314.402(6)).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

*Dept. of Rev.*, 358 Or 795, 801, 370 P3d 844 (2016).  However, "'may'—often viewed as a purely discretionary term—can be read to indicate a mandatory requirement when to do so reflects the legislature's intent."  *State v. Guzek*, 342 Or 345, 356, 153 P3d 101 (2007).

Courts have interpreted the permissive "may" as the imperative "must" where "power is given to public officers by a statute, whenever the public interests or individual rights call for its exercise[.]"  *King Real-Estate Ass'n v. City of Portland*, 23 Or 199, 201, 31 P 482 (1892); *see also Kohn v. Hinshaw*, 17 Or 308, 312–15, 20 P 629 (1889) (concluding use of "may" in the context of a statute authorizing a sheriff to execute a judgment meant "must" because the sheriff was acting "for the benefit of others"); *see also Smith v. King*, 14 Or 10, 15, 12 P 8 (1886) (holding sheriff had duty to return $400 overcharge on a taxpayer's property tax, despite the word "may" in the state law authorizing the refund; in this situation, "may" and "shall" had the same meaning).  However, this interpretation is constrained by legislative intent as expressed in the text of the statute.  *See King Real-Estate Ass'n*, 23 Or at 201 (finding that the phrase "may, in its discretion" was permissive notwithstanding the fact that public interest or individual rights were involved; the language at issue permitted the council to appoint an impartial panel, but did not deprive the council of its own power to act).

"In a statute the word 'may' can be construed in a mandatory sense only where such construction is necessary to give effect to the clear policy and intention of the [l]egislature; and where there is nothing in connection with the language nor in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary."  *Barringer v. Loder*, 47 Or 223, 229–30, 81 P 778 (1905); *see also Kime v. Thompson*, 60 Or 183, 188, 118 P 174 (1911) (concluding, in the context of an entity with sovereign power to impose taxes, that a statute providing that a tax "may" be levied must be interpreted as permissive, notwithstanding

subsequent specific provisions for how that tax "shall" be administered); *Lyons v. Gram*, 122 Or 684, 689–90, 260 P 220 (1927) (interpreting "may" as permissive even where it bestowed authority in public official concerning the rights of third-parties because it did not frustrate legislative policy).

In summary, a review of the relevant definitions and case law shows that "may" indicates discretion unless doing so would undermine legislative intent—for example, where a public officer has been given authority to act and must do so to protect the rights of third persons consistent with legislative intent. The court next turns to context to ascertain the legislative intent of "may" in ORS 314.402(6).

### 2. *Context*

Context "includes other provisions of the same statute and other related statutes." *PGE,* 317 Or at 611. It also "includes other laws in place at the time of enactment." *Oracle Corp. v. Dept. of Rev.*, TC 5340, 2020 WL 7765776 at *4 (Or Tax, Dec 16, 2020). The court begins by considering ORS 314.402(6), then other subparts of ORS 314.402, before considering related statutes and the statutory context as whole.

### a. Other provisions of ORS 314.402

ORS 314.402(6) provides that the department "may waive" the penalty upon a showing that there was "reasonable cause" for the understatement and that the taxpayer acted in "good faith". In the context of deference to agency rulemaking[7], "delegative terms" in a statute tend to

---

[7] The framework discussed here regarding the agency rulemaking authority is not directly applicable—the court is not reviewing an agency rule. However, standards of deference are based on the principle that where a statute vests discretion in an administrative agency the court should not supplant agency discretion with its own. *See Springfield Educ. Ass'n v. Springfield Sch. Dist. No. 19,* 290 Or 217, 222-23, 229, 621 P2d 547 (1980) ("[t]he delegation of responsibility for policy refinement under such a statute is to the agency, not to the court."); ORS 174.010 (In construing statute court must give effect to all provisions); *US Bancorp v. Dept. of Rev.*, 19 OTR 266, 286-87 (2007) (discussing statutory construction rationale underlying court review of rulemaking authority stating "the duty to make rules, if it exists, is a result of statutory direction found through interpretation of the statutes regulating the agency in question").

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

show that the legislature intended "to give to an agency the authority, responsibility and discretion for refining and executing generally expressed legislative policy." *Springfield Educ. Ass'n v. Springfield Sch. Dist. No.* 19, 290 Or 217, 228, 621 P2d 547 (1980). "Some terms that the Court has found to be delegative include 'good cause,' 'fair,' 'undue,' 'unreasonable,' 'unprofessional conduct,' and 'clearly an excessive remedy.' " *Christensen v. Dept. of Rev.*, TC 5285, 2018 WL 4350064 at *13 (Or Tax, Sept 7, 2018). Inexact terms used in the statute, such as "negligence" and "gross negligence" indicated that rules are reviewed under an "error of law" standard. *Coffey v. Bd. of Geologist Examiners*, 348 Or 494, 235 P3d 678 (2010). The term "reasonable cause" appears to be delegative and "good faith" appears to be an inexact term. When used in conjunction with "may" in ORS 314.402(6), they provide some further support for finding that the legislature intended the waiver to be within the department's discretion.

The use of a term in one part of a statute but not another indicates that the omission was purposeful. In *Friends of the Columbia Gorge, Inc. v. Columbia River Gorge Comm'n*, 346 Or 415, 212 P3d 1243 (2009), the court concluded that "may" was permissive noting that where "may" and "shall" are set "side by side in the same section * * * normal interpretive principles dictate that we presume that different meanings are intended." Here, ORS 314.402 includes multiple uses of the word "shall" – see, subpart (1), (2)(c)(E), (3)(a) and (b), and (5), however it is only in the context of the waiver that "may" is used. ORS 314.402(5) states that the "penalty imposed under this section shall be treated for all purposes as an additional deficiency subject to the provisions of ORS 305.265." ORS 305.265(15) explicitly provides for an appeal to the "tax court" from "deficiency, penalty or interest assessed." However, neither give a right to appeal the department's decision with regard to the waiver. It is reasonable to assume that the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

legislature, had it wished to make the waiver appealable in this court, would have done so explicitly.

b. Other related statutes

The use of a term in one statute but not another may indicate a purposeful omission. *See also Jordan v. SAIF Corp.*, 343 Or 208, 217-218, 167 P3d 451 (2007). Similar statutes expressly give the department discretion by adding the words "in its discretion" after the word "may." *See e.g.,* ORS 305.145(3) (the department "may, in its discretion * * * waive, reduce or compromise any tax balance of $50 or less" or interest); ORS 305.145(4) (the department "may establish by rule instances in which [it] may, in its discretion, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department"); ORS 306.115(3) (the department "may order a change or correction applicable to a separate assessment of property * * * if * * * in its discretion, it deems necessary to confirm the roll to applicable law"); ORS 307.475(4) (requiring the director of the department to provide tax relief if "in the discretion of the director * * * tax relief should be granted on the grounds of hardship").

In particular, ORS 305.145(4) authorizes the department to waive any and all penalties provided for in Oregon law and "establish by rule instances in which the department may, *in its discretion*, waive any part or all of penalties provided by the laws of the State of Oregon that are collected by the department." (Emphasis added.) Aside from the explicit grant of discretion, ORS 305.145 sets slightly different standards for when a waiver may be granted than ORS 314.402(6). A waiver may be granted under ORS 305.145 for "good and sufficient cause", "first-time offenses", or where it would "enhance the long-term effectiveness, efficiency or administration of the tax system." ORS 305.145(4)(a)–(c). By contrast, the standard for a

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

waiver under ORS 314.402(6) is "reasonable cause" and "good faith."[8] The different standards between the two provisions suggests that the legislature intended to create a different standard for waiver under ORS 314.402 in addition to or in lieu of the waiver permitted by ORS 305.145.

The court also considers whether the legislature intended to give taxpayers a right to a penalty waiver. The court is aware of only one provision where taxpayers are expressly given a "right" to a penalty waiver. Under ORS 305.880, part of the Taxpayer Bill of Rights (TBOR), "[a] taxpayer shall have the right to waiver of interest or penalties when an officer or employee of the [department] misleads the taxpayer in the manner described in ORS 305.145."[9] *See also Christensen*, 2018 WL 4350064 at *19 (stating that "the legislative history supports a conclusion that the legislature generally understood the Tax Court to have jurisdiction over the TBOR."). ORS 314.402(6) contains no reference to a "right to waiver."

c.      Abuse of discretion review in this court

As noted above, this court's typical standard of review is *de novo*. A review of the limited instances in which this court applies an abuse of discretion standard of review provides helpful context. Where the statute vests discretion in the department, this court reviews for abuse of discretion notwithstanding the general rule that cases are heard *de novo*. *See Rogue River Pack. v. Dept. of Rev.*, 6 OTR 293 (1976) (applying an abuse of discretion standard of review under "hardship" statute, ORS 307.475, because discretion was explicitly vested in the Director and a *de novo* review under ORS 305.425 would "supplant the administrator's role");

---

[8] The two statutes also have separate administrative rules that govern them. *Compare* OAR 150-305-0068 (promulgated pursuant to ORS 305.145) *with* OAR 150-314-0207 (defining "reasonable cause" and "good faith" under ORS 314.402(6)).

[9] ORS 304.145(1) provides that a waiver shall be granted where the department mislead the taxpayer and that the taxpayer "failed to make a timely payment or has received an incorrect refund by reason of the taxpayer's reliance" on that misleading information.

10

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

*ADC Kentrox I v. Dept. of Rev.*, 19 OTR 91 (2006) (holding that abuse of discretion standard applied where statute authorized the department to correct the roll "in its discretion"). However, the court has been reluctant to find that a statute confers discretion without an explicit grant of discretion and where to do so would frustrate legislative intent. *Samoth Financial Corp. v Dept. of Rev.*, 8 OTR 408 (1980) (finding that statutory text stating that "the department shall order such correction as it deems necessary" did not confer discretion on the department where there was no express grant of discretion and related statutes indicated that *de novo* review was required). If ORS 314.402(6) had expressly provided that the waiver was in the department's "discretion" the outcome in this case would be clear; however, that is not the case.

In a few cases, use of the word "may" alone was sufficient to trigger this court's abuse of discretion review. In *Perkins and Wiley v. Dept. of Rev.*, 13 OTR 426, 428 (1995), the court applied an abuse of discretion standard of review to the department's order under *former* ORS 306.115(3) (1993) which provided in relevant part,

> " 'The department may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if for the year to which the change or correction is applicable:
>
> " '(a) The assessor or taxpayer has no statutory right of appeal remaining and the department determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal[.]
>
> " '* * * * *' "

Taxpayer argued that under *Rogue River Pack.*, "the department's definition of good and sufficient cause was too restrictive and prevented the department from exercising its discretion" and thus the court should apply a "standard of reasonableness." 6 OTR at 429-31. The court

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

disagreed and applied an abuse of discretion standard, explaining that the statute is an "extraordinary remedy" and, in that context, the department's rule was not too narrow. *Id.*

Similarly, the use of "may" alone was held to grant discretion in *Martin Bros. Container & Timber Products Corp. v. State Tax Comm'n*, 252 Or 331, 449 P2d 430 (1969) ("where the legislature has given the tax commission discretion to decide whether something is reasonable, we believe the function of the court is to decide whether there has been any abuse of discretion"). The statute at issue specified a deadline "[s]ubject to such terms and conditions as may be specified by the commission, at the close of such later date as the commission may designate upon application of the taxpayer made at such time and in such manner as the commission may by regulations prescribe." *Id.* at 335.

        d.      Context conclusion

Although an explicit grant of discretion would likely have been dispositive, several context clues suggest that the legislature intended the waiver under ORS 314.402(6) to be discretionary. In particular, the use of "shall" within the same statute; the absence of text indicating a right to a penalty waiver as in ORS 305.880; the use of delegative and inexact terms "reasonable cause" and "good faith"; and existing case law applying an abuse of discretion standard of review where the department "may" do some act.

        3.      *Legislative history*

The court may consider legislative history assigning it whatever weight is appropriate. *Gaines*, 346 Or at 169–71. The legislative history relating to the 1987 amendments to ORS 314.402 does not yield any helpful information. SB 978 (1987). The court also considered the legislative history relating to ORS 305.560(1)(a), which prohibits the court from hearing cases involving an order of the department "denying the discretionary waiver of penalty * * *." The

relevant text was in the statute from its inception in 1977. Or Laws 1977, ch 870, § 10; SB 833 (1977). However, the provision of ORS 305.560 was included in a larger bill concerning the procedures in the tax court generally and received, as far as the court can determine, no discussion by the committees.

The 1995 amendments lend support to court's understanding of the statute's meaning based on the text and context. The Staff Measure Summary for HB 2204 (amending ORS 314.402) notes that it "[c]onforms exceptions allowed for the state's substantial understatement penalty to the same exceptions allowed for the similar federal penalty." Ex H, House Committee on State and School Finance, HB 2204A, Mar 7, 1995).

Until its repeal in 1989, IRC section 6661 imposed a substantial understatement penalty and stated that "[t]he Secretary may waive all or any part of the addition to tax provided by this section on a showing by the taxpayer that there was reasonable cause for the understatement (or part thereof) and that the taxpayer acted in good faith." Federal courts reviewed waiver under an abuse of discretion standard. *Henn v. Comm'r*, 84 TCM (CCH) 453 (2002) ("Section 6661(c) provides the Secretary with the discretion to waive the section 6661(a) addition to tax if the taxpayer shows he acted with reasonable cause and in good faith. Generally, we review the Secretary's failure to waive the addition to tax for abuse of discretion").

In 1989, Congress replaced several penalties — including the substantial understatement penalty — with an "accuracy-related penalty" that was imposed in multiple circumstances, including a substantial understatement of tax. *See* IRC § 6662; *see also* Bittker and Lokken, Fed Tax'n Income, Est & Gifts ¶ 117.3.1 (March 2021) (discussing history of penalties). It replaced the waiver provision with IRC section 6664(c)(1), stating: "No penalty shall be imposed under section 6662 or 6663 with respect to any portion of an underpayment if it is shown that there was

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N

a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." The House Ways and Means Committee expressed "concern" that IRS determinations of accuracy-related penalties under the existing law occurred "too routinely and automatically." Bittker and Lokken, Fed Tax'n Income, Est & Gifts ¶ 117.3.10 (citing HR Rep No 247, 101st Cong, 2d Sess 1393 (1989)). The Committee rejected the Tax Court's previous abuse of discretion review, stating "that it is appropriate for the courts to review the determination of the accuracy-related penalties by the same general standard applicable to their review of the additional taxes that the IRS determines are owed." *Id.*

It appears that Congress sought to signal a change in the Tax Court's standard of review by replacing the language "the Secretary may waive" with the language "no penalty shall be imposed." It retained the "reasonable cause" and "good faith standards. Because that change in federal law occurred in 1989, the Oregon legislature was aware of it when it amended ORS 314.402 in 1995; indeed, legislative materials expressly refer to the federal law. Notably, Oregon chose to retain the language "the department may waive"— mirroring the old federal language — notwithstanding the change in federal law. That decision further supports the conclusion that the legislative intended to give the department discretion whether to waive to the substantial understatement penalty under ORS 314.402(6).

4.    *Penalty Waiver Conclusion*

The court concludes that based on the text, context, and legislative history the penalty waiver under ORS 314.402(6) is within the discretion of the department. Accordingly, the court may not hear Plaintiff's appeal because it is barred by ORS 305.560(1)(a).

/ / /

/ / /

### III. CONCLUSION

After careful consideration, the court concludes that the department properly applied the substantial understatement of tax penalty under ORS 314.402. The court further concludes that it is not authorized to hear Plaintiffs' appeal with regard to the ORS 314.602(6) penalty waiver under ORS 305.560(1)(a) because it is within the department's discretion. Accordingly, the department's Motion for Summary Judgment must be granted.

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted. Plaintiffs' appeal is denied.

Dated this \_\_\_\_ day of June 2021.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This is a <u>dispositive order</u> pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on June 8, 2021.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
TC-MD 200346N